BERTRAM G. ZILMER AND JANICE M. ZILMER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26973.   Promulgated February 19, 1951.

*Milton I. Baldinger, Esq.*, for the petitioners.
*William M. Fay, Esq.*, for the respondent.

**OPINION.**

DISNEY, *Judge:* Our only problem here is whether the payments made by the petitioner were under a written instrument incident to

divorce, or under a decree of divorce, within the language of sections 22 (k) and 23 (u) of the Internal Revenue Code.[1] They were paid under an agreement of February 6, 1935, which nowhere mentions divorce. The decree makes no provisions for the payments; therefore we need not further consider it. Was the agreement "incident to such divorce"? (It is not contended that there was a legal separation so that element of the statute is eliminated.) The evidence is, in substance, that divorce was discussed between the parties, and that the wife agreed to divorce the petitioner, but that the agreement providing for the payments did not mention divorce because the petitioner's attorney felt that there was danger of a charge of collusion being brought. The divorce was not applied for or granted until more than a year and a half later. The petitioner contends that this was because of the expense which he was to bear. He did pay the expense of the divorce, about $450. At the time of the agreement he was earning $100 a week and had little other property. He was obligated to pay his wife $35 per week after September 1, 1935. The divorce decree does not mention the payments or impose alimony for the reason that under the complaint there was no issue in that respect, the complaint having alleged that there was no community property and that matters of support, maintenance, and child custody and maintenance had been settled by written agreement. In *Joseph J. Lerner*, 15 T. C. 379, there was, as here, a separation agreement providing for payments. The terms of the separation agreement were not incorporated in the divorce decree and the divorce, as here, made no provision for alimony payments. The decree was more than a year after the agreement. In holding that the petitioner's payments were not deductible under sections 22 (k) and 23 (u) we noted particularly that neither at the time of separation nor during the negotiations culminating in the separation agreement was

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. \* \* \*

\* \* \* \* \* \* \*

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

\* \* \* \* \* \* \*

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.

\* \* \* \* \* \* \*

there any reference to or discussion of divorce by the parties. One paragraph of the instrument in that case provided that the obligation should continue during the life of the wife, unaffected by any decree of divorce, but this provision though discussed between the wife and her attorney was never discussed by him with the petitioner or his counsel before the execution of the separation agreement. In distinguishing *Jessie L. Fry*, 13 T. C. 658; *George T. Brady*, 10 T. C. 1192; and *Thomas E. Hogg*, 13 T. C. 361, we commented that they each contained facts which "indicated that a divorce was contemplated." Here such contemplation of divorce appears. In the *Fry* case divorce was discussed, in addition to being mentioned in writing. In this case there was discussion of divorce between the parties, and the reason mention thereof was left out of the agreement was the possibility of charge of collusion. Under these circumstances it seems to us that the payments made under the agreement were incident to a divorce. It is true that divorce was not even applied for for about one and one-half years, but considering the earnings of the petitioner, his lack of property, and the amount he was obligated to pay to his wife we think the delay is reasonably explained. The *Lerner* case seems, in the reverse, more akin to this one than any of the several cases we have had on this general subject, which, being less applicable, need not here be discussed. The evidence there absent, as to discussion of divorce, is here present. Under the common connotation of the word "incident" we consider and hold that the agreement requiring the payments was incident to a divorce between the parties. We, therefore, conclude that the respondent erred in denying deductions of the payments made under such agreement, in the taxable years.

*Decision will be entered for the petitioners.*